UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **WILLIAM SHERIFF**<br><br>　　　　　　　　　**Plaintiff,**<br><br>v.<br><br>**LIFE INSURANCE COMPANY**<br>**of NORTH AMERICA**<br><br>　　　　　　　　　**Defendant.** | Civil Action No. 3:15-CV-474-DJH<br><br><br>**COMPLAINT** |

## Introduction

1. This complaint seeks legal and equitable damages arising from and relating to a long term disability insurance policy underwritten, issued and administered by Defendant.

2. The headings contained in this complaint are intended only to assist in reviewing the statements and allegations contained herein. To avoid the unnecessary repetition in each section, Plaintiff hereby affirms and incorporates each paragraph in each section of this complaint as though fully set forth therein.

3. The factual allegations found in this complaint are not exhaustive, and are presented throughout this complaint so as to provide the requisite notice of the basis for Plaintiff's allegations.

## Jurisdiction & Venue

4. This Court has subject matter jurisdiction over the claims asserted in this action for monetary and equitable relief under Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and § 1132(f).

5. Venue is appropriate in the United States District Court for the Western District of Kentucky pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

## Parties

6.      Plaintiff William Sheriff ("Mr. Sheriff") is a citizen of the United States, a resident of the Commonwealth of Kentucky and an insured participant under the disability insurance policy at issue in this lawsuit.

7.      Defendant Life Insurance Company of North America ("LINA") is the underwriter, insurer and administrator of the disability insurance policy at issue in this lawsuit. Further, LINA is, and was, doing business within the Commonwealth of Kentucky.

## Facts

8.      Mr. Sheriff is insured under a long term disability insurance policy underwritten, issued and administered by LINA.

9.      Mr. Sheriff ceased work in February 2011 because of the limitations resulting from his disabling conditions and corresponding treatment regimen. Subsequent to ceasing work, Mr. Sheriff has remained continuously disabled and unable to function on a full time basis in any gainful employment.

10.     Mr. Sheriff submitted his claim to LINA for his long term disability benefits. LINA approved his claim and provided benefits for the next 34 months.

11.     In June 2014, without any improvement in his disabling condition, LINA terminated his benefits and denied his claim.

12.     Mr. Sheriff appealed LINA's decision. But, LINA refused to change its decision.

13.     Having submitted his appeal, Mr. Sheriff exhausted his administrative remedies.

14.     The disability insurance policy does *not* provide LINA with discretionary authority.

15.     At all times relative hereto, LINA has been operating under an inherent and structural conflict of interest because any monthly benefits paid to Mr. Sheriff are paid from LINA's own assets with each payment depleting those same assets.

## Claims

### Breach of Contract & Breach of Fiduciary Duty

16. The disability insurance policy is a written contract.

17. Contrary to the terms of the contract, and in breach thereof, LINA improperly denied Mr. Sheriff's disability benefits.

18. LINA's contractual breach damaged Mr. Sheriff.

19. 29 U.S.C. §§1132(a)(1)(B) and (a)(3) are the enforcement mechanisms permitting Mr. Sheriff to enforce the contractual terms of the Policy, to obtain past benefits, to receive reinstatement for payment of future benefits, to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge.

### Attorneys' Fees & Costs

20. As a result of LINA's conduct, Mr. Sheriff has incurred attorneys' fees and costs.

21. 29 U.S.C. §1132(g) is the enforcement mechanism permitting Mr. Sheriff to recover reasonable attorneys' fees and costs.

### Prayer for Relief

22. Mr. Sheriff requests the Court enter judgment in his favor and against LINA on all claims asserted herein. Mr. Sheriff requests the Court award reasonable attorneys' fees and costs.

23. Mr. Sheriff requests the Court award pre- and post-judgment interest at the greater of the prime rate or the rate earned by LINA on the unpaid insurance benefits.

24. Mr. Sheriff requests the Court award any and all other legal or equitable relief to which he may be entitled.

25. Mr. Sheriff requests leave to amend the complaint as needed.

Dated:  June 12, 2015

Respectfully submitted,

s/ Michael D. Grabhorn
Michael D. Grabhorn
*m.grabhorn@grabhornlaw.com*
Andrew M. Grabhorn
*a.grabhorn@grabhornlaw.com*
Grabhorn Law Office, PLLC
2525 Nelson Miller Parkway, Suite 107
Louisville, KY  40223
p: (502) 244-9331
f: (502) 244-9334

*Counsel for Plaintiff*